IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT DANE WILBURN | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-76 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Robert Dane Wilburn, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Prior Proceedings

In 2020, pursuant to a plea of guilty, Petitioner was convicted of indecency with a child in the 145th District Court of Nacogdoches County, Texas. He was sentenced to 99 years of imprisonment. The conviction was affirmed by the Texas Court of Appeals for the Twelfth District. *Wilburn v. State*, No. 12-20-00194-CR, 2021 WL 3085851 (Tex. App.-Tyler July 21, 2021). The Texas Court of Criminal Appeals refused a petition for discretionary review. *Wilburn v. State*, PDR No. 0606-21 (Tex. Crim. App. 2021).

Petitioner subsequently filed a state application for writ of habeas corpus. The Court of Criminal Appeals dismissed the application without written order because, as the mandate had not issued concerning Petitioner's direct appeal, his conviction was not final.

Grounds for Review

Petitioner asserts the following grounds for review: (1) he did not receive a copy of his indictment until after his conviction; (2) his trial counsel was ineffective because: (a) Petitioner did not actually plead guilty; (b) counsel did not object to anything during the sentencing proceeding

and (c) counsel was under the influence of alcohol to the point of distraction during the sentencing hearing; (3) there was insufficient evidence to sustain the conviction because: (a) the witness statements constituted hearsay; (b) Petitioner was incarcerated in Louisiana on the date specified in the indictment and (c) no DNA evidence was presented to establish he was guilty; and (4) federal rules and regulations changed on September 1, 2001, regarding indecency with a child.

Analysis

Respondent asserts the petition should be dismissed as a "mixed petition." Respondent states Petitioner has not properly presented grounds for review 1, 2(b), 2(c), 3(a) and 3(c) to the Texas Court of Criminal Appeals.

Title 28 U.S.C. § 2254 allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a prerequisite to obtaining relief under Section 2254, a prisoner must first exhaust available state remedies. 28 U.S.C. § 2254(b). A person has not exhausted remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To comply with the exhaustion requirement, a petitioner must fairly present his claim to the appropriate state court before filing a petition in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).

In Texas, all claims must be presented to the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). The claims may be presented to the Court of Criminal Appeals during the direct appeal process by filing a petition for discretionary review. Or the claims may be presented to the Court of Criminal Appeals collaterally by filing a state application for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

While Petitioner filed a Petition for Discretionary Review, he did not include each of his current grounds for review. Petitioner did not include grounds for review 1, 2(b), 3(a) and 3(c).[1]

Petitioner did present these grounds for review in his state application for writ of habeas corpus. However, as set forth above, Petitioner's state application was dismissed because, as the mandate had not issued concerning his direct appeal, his conviction was not final. A state application which is dismissed on procedural grounds is not sufficient to exhaust state court remedies. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *McGee v. Estelle*, 704 F.2d 764, 768 (5th Cir. 1983). Specifically, a state application dismissed because a petitioner's conviction was not final does not properly exhaust the grounds for review asserted therein. *Brewer v. Thaler*, No. 3:12cv247-B, 2012 WL 4757786, at *1 (N.D. Tex. Sept. 18, 2022).

Generally, petitions raising unexhausted grounds for review are dismissed.[2] *Rose*, 455 U.S. at 519; *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2000). A district court may only excuse a petitioner's failure to exhaust state remedies in two instances. The first exception allows a court to consider the merits of an unexhausted ground for review if there is not an available state remedy. 28 U.S.C. § 2254(b)(1)(B)(i). Second, the court may consider the merits of an unexhausted ground if circumstances exist that render the state process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii). *See also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Panetti v. Davis*, 863 F.3d 366, 374 (5th Cir. 2017).

In this case, Petitioner has an available state remedy because he can file a state application for writ of habeas corpus pursuant to Article 11.07. Further, Petitioner has not demonstrated the state process is ineffective to protect his rights. As a result, Petitioner's failure to exhaust each of

---

[1] Respondent also asserts Petitioner did not raise ground for review 2(c) in his Petition for Discretionary Review. However, this ground for review was raised (doc. #12-13 at 2-3).

[2] Prisoners filing "mixed petitions" that contain both exhausted and unexhausted grounds for review may choose to dismiss the unexhausted grounds and proceed only with the exhausted grounds. *Rose v. Lundy*, 455 U.S. 509, 520-21 (1982). In this case, Petitioner has not indicated he wishes to proceed only with the exhausted grounds.

his grounds for review in state court may not be excused. This Petition should therefore be dismissed without prejudice as a mixed petition.

## Recommendation

This petition for writ of habeas corpus should be dismissed without prejudice as a mixed petition.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 1st day of August, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE