| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ROBERT DANE WILBURN, §
§
    Petitioner, §
§
*versus* § CIVIL ACTION NO. 9:22-CV-76
§
DIRECTOR, TDCJ-ID, §
§
    Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Robert Dane Wilburn, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for indecency with a child.

The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be dismissed without prejudice as a mixed petition.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo review* of the objections in relation to the pleadings and the applicable law.

The magistrate judge concluded petitioner filed a mixed petition because he failed to properly present grounds for review 1, 2(b), 2(c), 3(a) and 3(c) to the Texas Court of Criminal Appeals. While petitioner filed a state application for writ of habeas corpus presenting these grounds for review, the Court of Criminal Appeals dismissed the application because, as the

mandate had not been issued concerning his petition for discretionary review, his conviction was not final.

In his objections, petitioner states his conviction was final when he filed his state application for writ of habeas corpus.  The record reveals that while petitioner filed his state application on November 17, 2021, the mandate concerning his petition for discretionary review did not issue until November 19, 2021.  Petitioner therefore filed his application before his conviction was final.  As a result, the grounds for review asserted in the application have not been properly presented to the Court of Criminal Appeals.  The magistrate judge's conclusion that this is a mixed petition was correct.

Petitioner also asserts the magistrate judge should be recused.  He states the magistrate judge has a conflict of interest because of biased and prejudicial rulings she made in another case he filed.

Petitioner appears to refer to *Wilburn v. Lehman's Pipe and Steel*, No. 9:22cv195 (E.D. Tex. May 1, 2024), a case that was referred to the magistrate judge for pretrial management.  In that case, the magistrate judge recommended that a motion for summary judgment filed by the defendants be granted, a recommendation that was adopted by the court.

The only basis for recusal petitioner asserts are allegedly biased rulings the magistrate judge made in his prior case.  Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible.  *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).  Petitioner does not assert any rulings made in his prior case were based on an extrajudicial source.  Nor does a review of the rulings reveal any degree of antagonism, much less a high degree of antagonism.  As a result, petitioner has not asserted a proper basis for recusal.

**ORDER**

Accordingly, the objections filed by petitioner (#31) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#29) is **ADOPTED**. A final judgment will be entered dismissing the petition.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether he filed a mixed petition is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 11th day of September, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE